124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Deborah A. DAMAREST and Stephen H. Demarest, Debtors.
RAINIER TITLE COMPANY, INC., a Washington corporation,
Plaintiff-Appellee,
v.
Deborah A. DAMAREST; Stephen H. Demarest, Defendants-Appellants.
 No. 96-35423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 10, 1997.
Decided Sept. 22, 1997.
 
 1
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. 96-35423, BAP No. WW-95-01115-Rr1H; Russell, Hagan, and Ryan, Judges, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Debtors Stephen and Deborah Demarest appeal pro se the Bankruptcy Appellate Panel's ("BAP") decision in favor of Rainier Title Company ("Rainier"). We must decide whether the BAP properly affirmed the bankruptcy court's grant of summary judgment to Rainier, holding that the Demarests' debt to Rainier was nondischargeable under 11 U.S.C. § 523(a)(2) because it was obtained by fraud.
 
 
 5
 To prove actual fraud under § 523(a)(2)(A), a creditor must establish: "(1) that the debtor made a representation; (2) the debtor knew at the time the representation was false; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation." Apte v. Japra (In re Apte), 97 F.3d 1319, 1322 (9th Cir.1996) (citations omitted). These elements must be established by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 291 (1991).
 
 
 6
 The issue in this case is reliance. The appellants' principal contention is that their nondisclosure that the deed of trust still encumbered the property could not have caused any justifiable reliance on the part of the buyers.
 
 
 7
 Here appellants clearly knew that the buyers were acting without knowledge that they were receiving property that was encumbered. We held in Apte, indeed quoting the bankruptcy court's opinion in this very case, that "where an individual knows ... that another is acting without knowledge of material facts, the reliance element is satisfied by objective proof, i.e., whether a reasonable person might have considered the facts important to his or her decision." Apte, 96 F.3d at 1323 (quoting In re Demarest, 176 B.R. 917, 922 (Bankr.W.D.Wash.1995)). There is no question in this case that the existence of an encumbrance on the property would have been important to the buyers' decision.
 
 
 8
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3